UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD COOPER,

    Plaintiff,

v.

D. K. EDLUND, B. LUETZOW, G. BURNETT, C. HODO, T. CARLYON, D. ETELAMAKI, S. MINERICK, G. PELLOW, G. HILL, UNKNOWN LA TENDASSE, G. RICHARDS, and B. SMITH,

    Defendants.

                           /

Case No. 2:05-CV-24

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on the Plaintiff Ronald Cooper's and Defendants D. K. Edlund, B. Luetzow, G. Burnett, C. Hodo, T. Carlyon, D. Etelamaki, S. Minerick, G. Pellow, G. Hill, Unknown La Tendasse, G. Richards, and B. Smith's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of June 21, 2006 ("Report"), which recommended that Defendants' Motion to Dismiss be denied; Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status be granted; Plaintiff's Motion to Strike be denied; and Plaintiff's Motion for a Default Judgment be denied.[1] The Court now reviews the Report, the parties' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court will deny both parties' Objections and adopt the Report's recommendations.

---

[1] The Report's recommended denial of Plaintiff's Motion to Strike and Motion for Default Judgment were not objected to, and consequently, will be adopted without discussion. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Defendants' Objections center on the Report's treatment of administrative exhaustion and assert that because Plaintiff's Amended Complaint contains both administratively exhausted and unexhausted allegations, his entire Amended Complaint must be dismissed. Defendants' argument squares with decisions like *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006) and *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), where certain panels of the Sixth Circuit Court of Appeals advanced a "total-exhaustion rule." Upon review, the Court believes *Rinard*, *Jones-Bey* and like precedent are void under Sixth Circuit law because a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." 6TH CIR. R. 206(c). Consequently, this Court still finds that *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) (where partial-exhaustion was first recognized as the rule in this Circuit), remains controlling precedent. Furthermore, a Sixth Circuit panel recently reiterated that "the partial-exhaustion rule is the law of this circuit." *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006). Therefore, this Court will follow *Hartsfield* until and unless a Supreme Court or an *en banc* Sixth Circuit decision provides otherwise. Defendants' Objections on this ground will be denied.

As Defendants correctly observe, the United States Supreme Court has granted *certiorari* to settle the debate in this Circuit over exhaustion. *See Jones v. Bock*, No. 05-7058, 126 S. Ct. 1462 (U.S. Mar. 6, 2006); *Williams v. Overton,* No. 05-7142, 126 S. Ct. 1463 (U.S. Mar. 6, 2006). Defendants now request the Court to hold this case in abeyance pending Supreme Court review. Upon careful consideration, the Court believes that a stay in this case is ill advised. As the *Spencer* court aptly observed, federal courts have an unflagging "obligation to decide the case before" them. *Spencer*, 449 F.3d at 726. Furthermore, when constitutional liberties are at stake, this Court's

jurisdictional mandate, and thereby its role as the primary guardian of federal rights, is all the more imperative. Accordingly, the Court will not hold this case in abeyance pending Supreme Court review.

As for Plaintiff's Objections, the Report recommended revocation of Plaintiff's status as a free-filer under the Prison Litigation Reform Act ("PLRA"). The PLRA provides (in a subsection colloquially known as the "three-strikes" rule) that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff does not dispute that he has previously filed three frivolous lawsuits, but contends that the Report erroneously recommended revocation of his *in forma pauperis* status because his Amended Complaint alleged he was in imminent danger of physical injury and is therefore excepted from section 1915(g). Upon review of Plaintiff's Amended Complaint, the Court cannot agree with Plaintiff's contention.[2]

Plaintiff's Amended Complaint does not provided any specific factual allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Instead, Plaintiff sets forth a host of vague and conclusory allegations of harm which do little to imbue this Court with any real sense that Plaintiff is in danger of suffering

---

[2] Given that the Court is counseled to read Plaintiff's allegations indulgently, the Court reviewed Plaintiff's Complaint and Amended Complaint as one pleading, as opposed to the latter superseding the former. *Cf. Parry v. Mohawk Motors of Mich. Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (citations omitted) (new complaint supersedes all previous complaints and controls case from that point forward). Furthermore, Plaintiff's Amended Complaint was clearly meant to supplement his original Complaint rather than replace it.

a serious physical injury. *See Swenson v. Pramstaller*, 169 Fed. Appx. 449, 450 (6th Cir. 2006) (speculative injury insufficient to fit within section 1915(g)'s imminent danger exception); *Wilson v. Fifty Second Dist. Court*, 49 Fed. Appx. 610, 611 (6th Cir. 2002) (allegation of imminent danger must be specific and failure to elaborate warrants revocation of free-filer status); *Davis v. Cook*, 4 Fed. Appx. 261, 262 (6th Cir. 2001) (same). Furthermore, Plaintiff's allegations that he is currently in imminent danger are wholly bereft of any evidentiary support. *Chance v. Tenn.*, 47 Fed. Appx. 762, 763 (6th Cir. 2002) (conclusory allegations unsupported by any evidentiary material fall well short of demonstrating imminent danger); *Shephard v. Marbley*, 23 Fed. Appx. 491, 492 (6th Cir. 2001) (same). Plaintiff does make some allegations that he *has* been mistreated; however, those events have already transpired and there is no perceptible likelihood that such events will reoccur. *Mulazim v. McNamara*, 46 Fed. Appx. 357, 358 (6th Cir. 2002) (stabbing that already occurred was not imminent danger). Therefore, the Court will deny Plaintiff's Objections as it no longer believes Plaintiff is entitled to proceed *in forma pauperis* in this action under section 1915(g).

In light of the foregoing, Plaintiff now has 30 days from the date of entry of this Opinion to pay the entire civil action filing fee, which was $250 when Plaintiff filed this lawsuit. If Plaintiff fails to pay the filing fee within the 30-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $250 filing fee. *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). An Order consistent with this Opinion shall enter.

DATED in Kalamazoo, MI:  
     July 25, 2006

      /s/ Richard Alan Enslen  
      RICHARD ALAN ENSLEN  
      SENIOR UNITED STATES DISTRICT JUDGE